# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:16-cv-304-RLV
### (3:97-cr-340-RLV-1)

| | | |
|---|---|---|
| **ARNOLD LORENZO PAIGE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Respondent's motion to hold this action in abeyance. (Doc. 10.) Petitioner is represented by the Federal Defenders of Western North Carolina.

Petitioner was convicted on November 10, 1997, of one count of assault with a deadly weapon on a federal employee, in violation of 18 U.S.C. § 111; two counts of using or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); one count of assault and robbery of a federal employee with a deadly weapon, in violation of 18 U.S.C. § 2114(a); possession and attempted disposal of a stolen U.S. money order and aiding and abetting, in violation of 18 U.S.C. § 2114(b) & 2; and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Suppl. Mot. to Vacate 2-3, Doc. No. 8.) Prior to trial, the Government filed an information asserting that Petitioner was subject to a mandatory life sentence under 18 U.S.C. § 3559(c)(4), and an information asserting he was an armed career criminal under 18 U.S.C. § 924(e), based upon prior convictions in North Carolina state court for assault on an officer with a deadly weapon, kidnapping, and two counts of

common law robbery.  (Suppl. Mot. to Vacate 3-4.)  At sentencing, this Court found that

Petitioner was an armed career criminal and was subject to mandatory life sentences under §§

924(e)(1) and 3559(c), based on the four prior North Carolina convictions.  The Court also found

that Petitioner was a career offender under the then-mandatory U.S.S.G. § 4B1.1, based upon the

same prior convictions.  The Court sentenced Petitioner to life imprisonment for assaulting a

federal employee with a dangerous weapon, assault and robbery of a federal employee with a

dangerous weapon, and being a felon in possession of a firearm.  The Court also sentenced

Petitioner to a concurrent term of 120 months imprisonment for the possession and attempted

disposal of stolen money orders and to five years imprisonment for the two counts of using a

firearm during and in relation to a crime of violence.  (Suppl. Mot. to Vacate 4-5.)

On May 26, 2016, Petitioner commenced this action by filing a Motion to Vacate

pursuant to 28 U.S.C. § 2255.  (Doc. No. 1.)  On December 12, 2016, the Federal Defender of

Western North Carolina filed a Supplement to the Motion to Vacate, on Petitioner's behalf.

(Doc. No. 8.)  Petitioner challenges his life sentences under § 924(e), § 3559(c), and U.S.S.G. §

4B1.1, and his convictions under § 924(c).  He argues that these convictions and sentences

violate his right to due process in the light of the Supreme Court's decision in Johnson v. United

States, 135 S. Ct. 2551 (2015).

On February 3, 2017, Respondent filed the instant motion to stay and hold these

proceedings in abeyance pending the United States Supreme Court's decisions in Beckles v.

United States, No. 15-8544, and United States v. Dimaya, No. 15-1498, and the Fourth Circuit

Court of Appeals' decision in United States v. Ali, No. 15-4433.  (Doc. No. 10.)  In Beckles, the

Court granted certiorari to address whether Johnson's constitutional holding applies to the

residual clause of the definition of "crime of violence" in the career-offender guideline, and, if

so, whether <u>Johnson</u>'s invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review. The Supreme Court granted certiorari in <u>Dimaya</u> to address whether the residual clause in 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act, is void for vagueness. The language in § 16(b) is largely identical to that in § 3559(c). In <u>Ali</u>, the Fourth Circuit is considering whether <u>Johnson</u> renders the residual clause of § 924(c)(3)(B) unconstitutionally vague. The Fourth Circuit is holding <u>Ali</u> in abeyance pending the Supreme Court's decision in <u>Dimaya</u>. The Supreme Court has heard oral argument in both <u>Beckles</u> and <u>Dimaya</u>.

Respondent argues that the issues before the Supreme Court and the Fourth Circuit may be dispositive of Petitioner's claims for relief or, at a minimum, dispositive of certain legal issues raised in the Motion to Vacate. According to Respondent, counsel for Petitioner does not object to the motion to stay. For the reasons stated in the Motion, and without objection from Petitioner, the Court concludes that the Motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Hold Petitioner's Motion to Vacate in Abeyance (Doc. No. 10) is **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in <u>Beckles</u>, and <u>Dimaya</u>, and the Fourth Circuit's decision in <u>Ali</u>. Respondent shall have 60 days from the date the latest of these decisions is issued to file a response to Petitioner's § 2255 motion to vacate.

Signed: February 8, 2017

Richard L. Voorhees
United States District Judge